330 P.2d 1091

In the Matter of Herbert WATSON, a Member of the State Bar of Arizona, Respondent.

No. 6618.

Supreme Court of Arizona.

Nov. 5, 1958.

PER CURIAM.

Pursuant to Rule 33(c) of the Supreme Court of Arizona, 17 A.R.S., the local administrative committee for District No. 4 prepared formal written charges of misconduct against Herbert Watson, a member of the State Bar of Arizona. Order to show cause was issued thereon on September 30, 1957 and served on respondent on October 1, 1957, ordering him to appear before said committee at 7:30 p. m. October 22, 1957; to show cause, if any he had, why he should not be disciplined for misconduct by reason of the matters stated in the formal written charge attached thereto and made a part thereof.

The written charges were in two counts: Count 1 charged that Watson had violated canon 11 of the canons of professional ethics, adopted by the American Bar Association, in that he had on or about February 17, 1956 collected on behalf of his client, Julian Dodson, the sum of $500 which he

thereafter commingled with his own funds and thereafter admitted that he had spent said funds and was obliged to remit said funds in instalments extending over a period of eight months.

Count 2 charged that respondent was employed by one Olive Strebeck, a widow, in May, 1955 to represent her in an action brought by John and Myrtle Avery to quiet title to a tract of land several miles west of Phoenix. Respondent accepted the employment, filed a motion to dismiss the case and an answer thereto. That upon motion for summary judgment presented to the court by the Averys, the trial court, on October 17, 1955 granted summary judgment against Olive Strebeck, and in favor of the Averys adjudging fee simple title thereto to be in the Averys. Respondent filed an appeal but failed to file a cost bond or to prosecute said appeal, and on May 15, 1956 upon motion of counsel for the Averys, the Supreme Court dismissed said appeal upon the grounds above stated.

Olive Strebeck is employed as a bookkeeper in Phoenix. On many occasions after judgment had been entered against her and the appeal therefrom dismissed by this court, she inquired of respondent when he could get her case to trial and on each occasion he informed her that no action had been taken in her case; that it was still awaiting trial and that the trial court had not set a date for trial. He made a statement to her to this effect as late as February 23, 1957, after she had been advised by the tax assessor's office that judgment had been entered against her on October 24, 1955. The action involved ownership of 320 acres of land located several miles west of Phoenix.

Respondent filed no answer to either of said counts and failed to take the witness stand in his own behalf on Count 2 of the charges. On October 22, 1957 on motion of respondent the hearing was continued to November 19, 1957. The State Bar was represented by Charles Crehore and respondent by Walter Linton. At the hearing, both oral and documentary evidence was introduced and the committee being fully advised in the premises, thereafter, on November 25, 1957, found the charges to be true and that by reason thereof the conduct of respondent indicated a moral unfitness to continue in the practice of the law within the provisions of Rule 29(b) of this court, and recommended disbarment.

On January 9, 1958 respondent filed a written request with the executive secretary of the State Bar to be heard orally before the Board of Governors. This request was granted by the Board of Governors and set for 10 o'clock a. m. Friday, February 7, 1958 in the State Bar office in Phoenix. Respondent and Mr. Crehore, the examiner, were duly notified. The Board of Governors convened at the time and place. designated in the notice but neither the respondent nor his attorney appeared.

When telephoned the respondent stated that neither he nor his attorney would appear. His counsel also stated he would not appear. The Board of Governors, having previously been given access to the record and the findings of fact and recommendations of the local administrative committee, proceeded to a .consideration thereof. At the conclusion of its consideration the Board accepted said findings and recommendations and recommended to this court that respondent be disbarred.

Thereafter, on March 5, 1958, respondent filed with this court a request bearing date February 5, 1958, "that a day be fixed for hearing and oral argument in the above matter and that he be permitted to file brief." This court entered a minute order granting him twenty days in which to file a response and brief. To this date neither have been filed.

We have carefully reviewed the evidence submitted before the local administrative committee .and fully agree with its findings to the effect that respondent is unfit to continue in the practice of law. As we view the matter he grossly violated both his legal and moral obligations to each of the clients named in the charges preferred against him. He is, therefore, disbarred from the practice of law in the State of Arizona.

UDALL, C. J., and PHELPS, WINDES, STRUCKMEYER, and JOHNSON, JJ., concur.